UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARK DAVISCOURT, | |
| Plaintiff, | Case No. C20-720 RSM |
| v. | ORDER ADOPTING REPORT AND RECOMMENDATION |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

## I.   INTRODUCTION

This matter comes before the Court on the Report and Recommendation ("R & R") of the Honorable Michelle L. Peterson, United States Magistrate Judge.   Dkt. #23.   The R & R recommends dismissal of Plaintiff's claims with prejudice.   Having considered Plaintiff's complaint, Dkt. #1, Objections, Dkt. #24, the Government's Response, Dkt. #25, and the remainder of the record, the Court adopts the R & R and dismisses Plaintiff's claims.

## II.   BACKGROUND

The Court adopts and incorporates by reference the factual background set forth in the R & R. Dkt. #23 at 1-6. Plaintiff Mark Daviscourt, proceeding pro se, brings this action under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-2680, seeking compensatory

damages totaling $35 million.  Dkt. #1.  Plaintiff claims (1) common law invasion of privacy, (2) intentional infliction of emotional distress, and (3) loss of enjoyment of life.  *Id.*  His claims arise from alleged interactions with employees of the Internal Revenue Service ("IRS") and the Treasury Inspector General for Tax Administration ("TIGTA").  Plaintiff also claims that he suffers a disability from serving as a first responder after the 9/11 terrorist attacks.  *Id.*  While his complaint references several government employees, he names TIGTA Agent Michael Isenberg as "the sole employee/tortfeasor" in this matter.  *Id.* at ¶ 7.

After IRS Officer Steve Baker allegedly engaged in coercive, threatening, and extortionate behavior against Plaintiff, including attempts to steal from his family and placing an IRS levy against him on September 11, 2015 to inflict emotional distress,  Plaintiff contacted the office of Senator Patty Murray to resport Officer Baker's behavior.  *Id.* at ¶¶ 8-13, 18-27.  Agent Isenberg then contacted Plaintiff advising that he was investigating the matter.  Agent Isenberg informed Plaintiff he did not see any illegal activity by Officer Baker in the IRS documents provided to Senator Murray's office.  *Id.* at ¶¶ 31-34.

Agent Isenberg allegedly followed up with multiple harassing phone calls a day, claiming that the Treasury was the proper agency to investigate Officer Baker's conduct and demanding that Plaintiff not contact the Federal Bureau of Investigation ("FBI").  *Id.* at ¶¶ 34-37.  Officer Baker and his supervisor allegedly entered Plaintiff's property in a vehicle, broke the window to that vehicle, and reported to Agent Isenberg that Plaintiff broke the window.  *Id.* at ¶¶ 60-72.  In November 2015, Agent Isenberg notified Plaintiff that he was no longer involved in the investigation.  *Id.* at ¶¶ 74-77.  Plaintiff's last communication with Agent Isenberg was November 23, 2015.  *Id.* at ¶¶ 80-83.  On October 25, 2018, Plaintiff filed his administrative claim under the FTCA.  *Id.* at ¶¶ 115.  He filed the complaint in this Court on May 12, 2020, claiming that Agent

Isenberg's actions invaded his privacy, caused him emotional distress, and caused loss of enjoyment of life.  Dkt. #1.

On August 4, 2020, Defendant United States of America moved to dismiss Plaintiff's claims for lack of subject matter jurisdiction and failure to state a claim.  Dkt. #13.  The R & R found dismissal warranted for lack of subject matter jurisdiction because Plaintiff's claims are time-barred and the discretionary function exception to the FTCA applies to Agent Isenberg's conduct.  Dkt. #23 at 7-13.  The R & R also concluded that Plaintiff failed to state a claim.  *Id.* at 14-19.

### III.    DISCUSSION

**A. Legal Standard**

A district court has jurisdiction to review a Magistrate Judge's report and recommendation on dispositive matters.  *See* Fed. R. Civ. P. 72(b).  "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."  *Id.*  "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).  The Court reviews de novo those portions of the report and recommendation to which specific written objection is made.  *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

**B. Analysis**

Plaintiff objects to dismissal of his claims for lack of subject matter jurisdiction and failure to state a claim.  Dkt. #24.  Regarding subject matter jurisdiction, Plaintiff argues that his claims are timely due to equitable tolling, and that the discretionary function exception to the FTCA does not apply.  *Id.* at 2-7.  The Court will address each objection in turn.

//

1                        i.     Timeliness

2           An action under the FTCA can be instituted only after an administrative claim is presented

3 to the appropriate Federal agency and the claim is denied either actually or constructively by the

4 agency's failure to act upon the claim within six months. 28 U.S.C. § 2675(a); *Jerves v. United*

5 *States,* 966 F.2d 517, 518 (9th Cir. 1992).   Under the FTCA, a claimant must present his

6 administrative claim to the appropriate Federal agency within two years after the claim accrues,

7 or the "tort claim against the United States shall be forever barred." 28 U.S.C. § 2401(b).  Because

8 such exhaustion is jurisdictional in nature, it may not be waived. *See Burns v. United States,* 764

9 F.2d 722, 724 (9th Cir. 1985).

10          Pursuant to the Supreme Court's decision in *United States v. Kwai Fun Wong*, the

11 two-year statute of limitations in 28 U.S.C. § 2401(b) may be equitably tolled.  575 U.S. 402, 420

12 (2015).  To invoke the doctrine of equitable tolling, a plaintiff must show (1) that he has been

13 pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way.

14 *Kwai Fun Wong v. Beebe*, 732 F.3d 1030, 1052 (9th Cir. 2013), *aff'd and remanded sub nom.*

15 *Kwai Fun Wong*, 575 U.S. 402.  "This standard is very high."  *Auguste-Lewis v. United States*,

16 No. C12-1901JLR, 2016 WL 1182152, at *3 (W.D. Wash. Mar. 28, 2016).  "The burden is on the

17 plaintiff to show that equitable tolling is appropriate." *United States v. Marolf*, 173 F.3d 1213,

18 1218 n.3 (9th Cir. 1999) (citation omitted).

19          With respect to equitable tolling due to mental impairment, the Court finds that the test

20 for equitable tolling in the habeas context serves as useful guidance:

21     (1) *First,* a petitioner must show his mental impairment was an "extraordinary
    circumstance" beyond his control by demonstrating the impairment was so severe
22     that either
    (a) petitioner was unable rationally or factually to personally understand the need
23     to timely file, or

1

2

(b) petitioner's mental state rendered him unable personally to prepare a habeas petition and effectuate its filing.

3

4

(2) *Second,* the petitioner must show diligence in pursuing the claims to the extent he could understand them, but that the mental impairment made it impossible to meet the filing deadline under the totality of the circumstances, including reasonably available access to assistance.

5

6

*Milam v. Harrington*, 953 F.3d 1128, 1132 (9th Cir. 2020) (citing *Bills v. Clark*, 628 F.3d 1092, 1099–1100 (9th Cir. 2010)).

7

8

9

10

11

12

13

14

Here, Plaintiff does not dispute that he failed to present his administrative claim within two years of Agent Isenberg's alleged final tortious conduct on November 23, 2015. Dkt. #1 at ¶ 113. However, he argues that the R & R erred in declining to apply equitable tolling. Dkt. #24 at 2-5. Specifically, he objects that the R & R (1) disregarded "materially substantive" observations as to the severity of Plaintiff's deteriorating mental functioning; (2) mischaracterized Physician Certifications as "letters," (3) only considered two out of the seven legal service providers Plaintiff named in his reply; and (4) underestimated "the significance of the documentation that Daviscourt provided to support his request for equitable tolling." *Id.*

15

16

17

18

19

20

21

22

23

Having considered Plaintiff's briefing and supporting exhibits, the Court finds that he has failed to meet the "very high" standard to warrant application of equitable tolling. *Auguste-Lewis*, 2016 WL 1182152, at *3. Regarding the first *Wong* element, he has failed to show that he diligently pursued his rights. As the R & R observed, "Plaintiff was able to actively engage with the IRS, TIGTA, Senator Murray's office, and the FBI" prior to filing his administrative claim. Dkt. #23 at 10. Moreover, before submitting his administrative claim, Plaintiff initiated a lawsuit in federal court related to the IRS' attempt to collect on unpaid income tax for the 2000 calendar year. *See Daviscourt v. Claybrooke, et al.*, No. C18-1148RAJ ("*Daviscourt I*") (W.D. Wash. 2018). Plaintiff does not meaningfully address these points in his objections. The Court finds

that these undisputed facts undermine Plaintiff's claim that he was incapable of meeting deadlines before he ultimately submitted his administrative claim in October 2018.  Furthermore, to the extent Plaintiff relies on documentation from Dr. Buckley Eckert and Dr. Peter Hunsberger, *see* Dkts. #21 at 29-32, these documents dated June 30, 2016 and November 16, 2016, respectively, provide only generalized statements as to Plaintiff's psychological suffering and harm.  While Dr. Hunsberger's statement references another lawsuit Plaintiff was pursuing in 2016, *see id.* at 32, neither document references the instant matter, nor do they demonstrate Plaintiff's mental incapacitation for the entire tolling period from November 2015 through November 2017.  For these reasons, Plaintiff has failed to meet his burden of demonstrating that he diligently pursued his claim.

Plaintiff has likewise failed to demonstrate the second *Wong* element that his mental impairment amounts to an "extraordinary circumstance" warranting equitable tolling.  *Kwai Fun Wong*, 575 U.S. at 420.  While Plaintiff insists that his "mental incompetence were [sic] severe enough that he was unable to represent himself legally," Dkt. #24 at 3, his communications with Senator Murray's office, the IRS, and TIGTA and his federal court litigation in *Daviscourt I* again undermine any claim that his mental impairments were "so severe" that he was unable to prepare his FTCA administrative claim or understand the need to timely file before he ultimately submitted his claim.  *Milam*, 953 F.3d at 1132.

For these reasons, the Court concludes that the R & R correctly declined to apply equitable tolling, and Plaintiff's claims are appropriately dismissed as time-barred.

        ii.    Discretionary Function Exception

Even if Plaintiff's claims were timely, the R & R correctly concluded that the discretionary function exception to FTCA claims applies here.  The discretionary function exception is a

limitation on the FTCA's waiver of sovereign immunity. 28 U.S.C § 2680(a).  It provides the government with immunity from suit for "[a]ny claim . . . based upon the exercise or performance of the failure to exercise or perform a discretionary function or duty on the part of a federal agency or employee of the Government, whether or not the discretion involved be abused." *Id.*  It therefore "serves to insulate certain governmental decision-making from judicial second guessing of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort." *Terbush v. United States,* 516 F.3d 1125, 1129 (9th Cir. 2008) (internal quotations and citations omitted).  The discretionary function exception will not apply when "federal statute, regulation, or policy specifically prescribes a course of action for employees to follow."  *Id.* (quoting *Berkovitz by Berkovitz v. United States,* 486 U.S. 531, 536 (1988)).  To determine whether the discretionary function exception applies, courts must consider (1) whether the challenged actions involve an element of judgment or choice, and (2) if a specific course of action is not specified, whether discretion left to the government is of a kind that the discretionary function exception was designed to shield; namely, actions and decisions based on considerations of public policy.  *Myers v. U.S.,* 652 F.3d 1021, 1028 (9th Cir. 2011).

The Court finds that both prongs of the *Myers* test are satisfied here.  First, conduct in the course of regulatory investigations is regularly recognized involving an element of judgment. "[C]ourts have repeatedly held . . . that the conduct of regulatory investigations are immune from FTCA liability unless there are mandatory directives that limit the investigators' discretion to determine both the scope and the manner of the investigation."  *Dichter-Mad Family Partners, LLP v. United States*, 707 F. Supp. 2d 1016, 1039 (C.D. Cal. 2010), *aff'd,* 709 F.3d 749 (9th Cir. 2013) (Finding that decisions of "whether and how to conduct investigations and enforcement actions are firmly lodged in the SEC's discretion"); *see also Vickers v. United States,* 228 F.3d

944, 951 (9th Cir. 2000) ("[T]he discretionary function exception protects agency decisions concerning the scope and manner in which it conducts an investigation so long as the agency does not violate a mandatory directive."); *Sabow v. United States,* 93 F.3d 1445, 1452 (9th Cir. 1996) (Finding government immune under the discretionary function exception for investigators' allegedly tortious investigation).

Here, TIGTA is responsible for oversight of the IRS, including investigations into violations of internal revenue law. *See* Inspector General Act of 1978, 5 U.S.C. app. 3 § 8(D)(h) (requiring TIGTA to "exercise all duties and responsibilities of an Inspector General of an establishment with respect to the Department of the Treasury and the Secretary of the Treasury on all matters relating to the Internal Revenue Service."); Internal Revenue Restructuring and Reform Act of 1998, Pub. L. No. 105-206, 112 Stat. 685; *see also* 26 U.S.C. § 7803(d)(3)(B) (authorizing TIGTA agents to receive complaints from taxpayers regarding wrongful conduct by IRS employees). Agent Isenberg's acts—contacting Plaintiff, communicating with Plaintiff, and ultimately declining to prosecute Officer Baker—were therefore taken pursuant to his role as an investigating agent. Consequently, Agent Isenberg's conduct fell within his discretionary function as a TIGTA investigator, thereby satisfying the first *Myers* prong. Regarding the second *Myers* prong, the Court finds that Agent Isenberg's conduct, taken pursuant to a regulatory investigation, is the type of conduct the exception was meant to shield. *See Dichter-Mad Family Partners*, 707 F. Supp. 2d at 1039 ("[C]onduct of regulatory investigations are immune from FTCA liability unless there are mandatory directives that limit the investigators' discretion.").

Plaintiff objects that the R & R, in reaching this same conclusion, (1) disregarded Daviscourt's specific citations of Supreme Court and Ninth Circuit precedent; (2) broke from "significant precedent in the Supreme Court and Ninth Circuit that explicitly endorse the type of

FTCA claims contained in Daviscourt's Complaint"; and (3) erred in light of Isenberg's employment as a federal law enforcement official. Dkt. #24 at 6. The Supreme Court and Ninth Circuit precedent at issue are *Millbrook v. United States,* 569 U.S. 50 (2013) and *Tekle v. United States,* 511 F.3d 839 (9th Cir. 2006). Dkt. #23 at 6. Neither of these cases are applicable here, as they address the waiver of sovereign immunity under Section 2680(h) for certain intentional torts committed by investigative or law enforcement officers. 28 U.S.C. § 2680(h).

While Plaintiff argues that Section 2680(h) applies here, this objection has no bearing on the applicability of the discretionary function exception. In examining the interplay between Sections 2680(a) and 2680(h), the Ninth Circuit has concluded that where the discretionary function exception applies, a plaintiff cannot maintain an FTCA claim—even if the alleged conduct falls under Section 2680(h). *See Gasho v. United States*, 39 F.3d 1420, 1435 (9th Cir. 1994) ("If a defendant can show that the tortious conduct involves a 'discretionary function,' a plaintiff cannot maintain an FTCA claim*, even if the discretionary act constitutes an intentional tort under § 2680(h).*") (emphasis added). Because the Court has concluded that the discretionary function exception applies, Plaintiff's objections regarding Section 2680(h) are inapposite.

Having concluded that the R & R correctly dismissed Plaintiff's claims for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), the Court need not address Plaintiff's objections related to dismissal under Fed. R. Civ. P. 12 (b)(6) for failure to state a claim.

## IV.    CONCLUSION

Having reviewed the Report and Recommendation of the Honorable Michelle L. Peterson, United States Magistrate Judge, Plaintiff's Objections, the Government's Response, and the remainder of the record, the Court finds and ORDERS:

(1)    The Court ADOPTS the Report and Recommendation, Dkt. #23.

1   (2)  Defendant's motion to dismiss, Dkt. #13, is GRANTED and Plaintiff's complaint

2 and this matter are DISMISSED with prejudice.

3   The Clerk is directed to send copies of this Order to the parties and to Judge Peterson.

4

5   Dated this 4th day of January, 2021.

6

7

8

9   RICARDO S. MARTINEZ

   CHIEF UNITED STATES DISTRICT JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

ORDER ADOPTING REPORT AND
RECOMMENDATION - 10